IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        :

v.                              :   CRIMINAL NO. CCB-98-0424

ANTHONY R. BONNER               :

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY R. BONNER              :

v.                             :   CIVIL ACTION NO. CCB-02-2994
UNITED STATES OF AMERICA       :

o0o

## MEMORANDUM

Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 on September 9, 2002. He challenges his conviction, pursuant to a plea of guilty, entered against him by this Court on January 21, 2000. On March 24, 2000 he was sentenced to 122 months imprisonment. Plaintiff appealed his conviction, and his appeal was dismissed by the Fourth Circuit Court of Appeals on March 2, 2001. On August 20, 2002, petitioner filed a pleading entitled "Petitioner's Motion for Extension of Time to File a Habeas Petition." (Paper No. 231 in Criminal No. CCB-98-0424). Petitioner's motion was denied as, at that time, there was no live case or controversy before this Court. (Paper No. 232 in Criminal No. CCB-98-0424). In denying Petitioner's motion, the Court advised Petitioner to file his motion to vacate within the time period set out under § 2255. He was also advised that if he filed his motion after

the one year deadline he could submit an argument in support of equitable tolling of the limitations period. (*Id.*) Upon review of the pleadings filed in this matter, the Court concludes that the instant Motion is time-barred for the reasons set forth below.

On April 24, 1996 President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a federal court. 28 U.S.C. § 2255.[1]

Petitioner's conviction became final on March 26, 2001, the date the mandate was issued by the Fourth Circuit Court of Appeals. *See United States v. Torres*, 211 F.3d 836, 837 (4th Cir.2000). The instant action was not filed until September 9, 2002, more than one year after the limitations period provided in § 2255. Petitioner's assertion that he should not be time-barred because during the past year he has been transferred and housed in three different institutions with a large period of time spent on administrative detention is unavailing. *See Harris v. Hutchinson*, 209

---

[1] This section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> > (1) the date on which the judgment of conviction became final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such Governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

F.3d 325, 329-30 (4th Cir. 2000) (finding that either wrongdoing by the opposing party or extraordinary circumstances beyond the moving party's control are required to justify equitable tolling).

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one year limitations period set out in AEDPA. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on "the facts and circumstances of a particular case." *Id.*, at 330 (quoting, *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where the defendant's acts prevent the plaintiff from asserting the claim, or where extraordinary circumstances, beyond the plaintiff's control, prevent him from filing a timely claim. *Id.*, (citing, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

Petitioner's basis for seeking equitable tolling, his transfer among Federal Bureau of Prison facilities and his lack of access to legal materials while on administrative segregation, are not the type of extraordinary circumstance which would justify equitable tolling. The documents provided by Petitioner reveal that from January 31, 2001 to December 4, 2001 he remained at one institution and was not confined to any special housing. (*See*, Paper No. 231, Ex. C in Criminal No. CCB-98-0424). It was not until January 21, 2002 that Petitioner began his stay in disciplinary segregation and administrative detention where he states he had limited access to legal materials. His special housing status continued until April 16, 2002 when he was transferred to another facility. (*Id.*) Petitioner's transfer between Bureau of Prison Facilities occurred from April 16, 2002 to and including May 2, 2002, weeks after the one year deadline for filing his motion to vacate had expired. (*Id.*) As such, the Court fails to see how the transfers impeded Petitioner's ability to timely file a

motion under § 2255. Finally, any lack of access to legal materials occasioned by Petitioner's confinement to special housing is not the type of extraordinary circumstance which would justify equitable tolling.

In light of the foregoing, the motion shall be dismissed as time-barred.[2] A separate Order follows.

11/26/02
(Date)

CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE

---

[2] Even if the Court were to reach the merits of Petitioner's claims, he would be entitled to no relief.
    Petitioner first alleges that trial counsel was ineffective in advising Petitioner to plead guilty. Petitioner contends that since the indictment in his federal criminal case charged the same elements as that for which he had already been convicted in state court, he was placed in double jeopardy in violation of the 5th Amendment. Petitioner is mistaken. The United States is authorized to prosecute a defendant for conduct which is also a crime under state law regardless of whether a prosecution has been commenced, or a conviction obtained, in state court. *See Abbate v. United States*, 359 U.S. 187, 194-96 (1959). Moreover, the elements were not identical, as the prior state offense was simply one overt act in the federal conspiracy charge.
    Petitioner's second claim is that the indictment was defective because it was unsigned. Petitioner is mistaken on the facts. The indictment contained in the Court file is signed by both the grand jury foreperson and the prosecutor.